IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

D.W., et al.,

           Plaintiffs,

v.                                       CIVIL ACTION NO. 2:09-cv-00060

MARTHA WALKER,

           Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court are the defendant's Motion to Dismiss [Docket 5] and Motion to File Reply Out of Time [Docket 12]. For the reasons discussed below, both motions are **DENIED**.

**I. Procedural History and Background**

The minor plaintiffs, D.W., T.G., and all other similarly situated individuals, are "Medicaid-eligible children who suffer from asthma, attention deficit hyperactivity disorder, depression and other health and developmental problems." (Compl. 1 [Docket 1].) The plaintiffs allege in the class action complaint that the defendant, Martha Walker, Secretary of the West Virginia Department of Health and Human Resources, "implemented a Medicaid program called 'Mountain Health Choices' that illegally and arbitrarily places exclusions and quantitative limits on health services for Medicaid-eligible children in West Virginia." (*Id.* at 2.) In particular, the plaintiffs assert that the West Virginia Medicaid program did not cover Early and Periodic Screening, Diagnostic and Treatment ("EPSDT") services for Medicaid-eligible children and youth as required by federal law. The plaintiffs are seeking declaratory and injunctive relief in the form of an order from the court that

the defendant "adher to federal Medicaid requirements and the guarantees of the United States Constitution so that [the p]laintiffs and other similarly-situated children will be able to obtain necessary health care, diagnostic services, treatment, and other measures to correct or ameliorate their physical and mental illnesses and conditions." (*Id.* at 2-3.) The Complaint states three causes of action: (1) denial of EPSDT requirements in violation of 42 U.S.C. §§ 1396a(a)(10)(A), 1396a(a)(43), 1396d(a)(4)(B), and 1396d(r); (2) denial of "reasonable promptness" in violation of 42 U.S.C. § 1396a(a)(8); and (3) denial of due process in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1396a(a)(3). The plaintiffs claim that all of their causes of action are enforceable under 42 U.S.C. § 1983. (*Id.* at 15-16.)

The defendant filed the pending Motion to Dismiss and an accompanying memorandum in support of the motion on February 19, 2009. In the memorandum, the defendant argues that there are two separate and independent grounds for the court to dismiss the Complaint. (Def.'s Mem. Supp. Mot. Dismiss 1 [Docket 6].) First, the defendant alleges that the plaintiffs failed to comply with a West Virginia law, W. Va. Code § 55-17-3(a)(1), that requires plaintiffs to give written notice to a governmental agency and the attorney general at least thirty days prior to instituting an action against a government agency. (*Id.* at 1-6.) Specifically, the defendant asserts that the plaintiffs' letter to the agency and the attorney general did not contain the required information to meet the desired purpose of the legislation. (*Id.* at 3.) The defendant noted that "[t]he West Virginia Supreme Court of Appeals has held that '[c]ompliance with the pre-suit notification provisions set forth in W. Va. Code § 55-17-3(a)(1) is a jurisdictional prerequisite for filing an action against a State agency . . . [.]'" (*Id.* at 6 (quoting Syl. Pt. 3, *Motto v. CSX Transp., Inc.*, 647 S.E.2d 848 (W.

Va. 2007)).) The defendant also cites a federal district court case that stated the same proposition in dismissing a case for not following the procedural requirements. (*Id.* (citing *Vick v. Hancock Co. Bd. of Educ.*, No. 5:07-cv-0066, 2007 WL 3088033 (N.D.W. Va. Mar. 22, 2007)).)

Second, the defendant asserts that the plaintiffs have failed to state a claim as required by Federal Rules of Civil Procedure 8(a) and 12(b)(6). (*Id.* at 6-7.) The defendant alleges that "a plaintiff seeking § 1983 redress must assert the violation of a federal right, not merely federal law" and that this "Complaint fails to allege a claim upon which relief can be granted . . . because the plaintiffs have not articulated well-defined claims." (*Id.*) Generally, the defendant asserts that the Complaint is incomplete and provides insufficient information concerning the plaintiffs' claims. (*Id.* at 7.)

After a number of stipulations to extend the time for filing a response to the pending Motion to Dismiss, the plaintiffs filed a response on April 28, 2009. The plaintiffs argue that the West Virginia statute does not apply to cases filed in federal court. *See* W. Va. Code § 55-17-2(a) (defining "action" as "a proceeding instituted against a governmental agency in a circuit court or in the supreme court of appeals . . ."). Even if the statute applied in federal court, the plaintiffs argue that the state legislature "would have 'no authority to determine whether or how an action may proceed under federal law.'" (Pls.' Resp. Def.'s Mot. Dismiss 3 [Docket 10] (quoting *Cunningham v. State of West Virginia*, No. 6:06-cv-00169, 2007 WL 895866, at *5 (S.D. W. Va. Mar. 22, 2007).) Furthermore, the plaintiffs state that the federal case cited by the defendant by involved a *pro se* plaintiff who did not raise the present argument against dismissal, thus leading to it being wrongly decided. (*Id.* at 3-4.) Finally, the plaintiffs point out that they "voluntarily provided pre-filing

notice to the [d]efendant and agreed to participate in settlement negotiations" even though "there was no legal requirement [to] do so." (*Id.* at 4.)

As to the defendant's second argument, the plaintiffs assert that they have met the pleading standard required by Rule 8(a) and that the Complaint states a claim upon which relief can be granted. The plaintiffs note that "the Complaint is seventeen pages in length and recites in detail the nature of . . . West Virginia's Medicaid program, the underlying federal statutory and regulatory requirements, and the factual circumstances of the named [p]laintiffs, including how the [p]laintiffs have been specifically harmed by the [d]efendant's failure to properly administer the Medicaid program." (*Id.* at 5.) Accordingly, the plaintiffs contend that the pleading is detailed enough to defeat the defendant's Motion to Dismiss. (*Id.* at 5-6.)

The defendant filed a Motion to File Reply Out of Time [Docket 12] on May 12, 2009. Local Rule of Civil Procedure 5(c) provides seven business days to file a reply and Federal Rule of Civil Procedure 6(d) provides an additional three calendar days for actions in response to, among others, filings made electronically. If the final day lands on a weekend or holiday, then the deadline to file a reply is pushed to the next business day. *See* Fed. R. Civ. P. 6(a)(3). The plaintiffs filed their response on April 28, 2009 and, therefore, the deadline to file a reply was May 11, 2009. Accordingly, the defendant's reply was late. In an effort to show good cause for filing after the deadline, the defendant stated that the delay was due to carpet replacement at the office, a root canal procedure that caused counsel to miss a day of work, and the fact that counsel's secretary has been on medical leave since May 1, 2009. I cannot find that the defendant has shown good cause, however, and therefore the Motion to File Reply Out of Time is **DENIED**. The Motion to Dismiss is now ripe for review.

## II. Pre-Suit Notification

The defendant relies on W. Va. Code § 55-17-3(a)(1) for its argument that the plaintiffs failed to provide sufficient thirty-day notice before instituting an action against an agency of the state government. W. Va. Code § 55-17-3(a)(1) reads, in pertinent part:

> Notwithstanding any provision of law to the contrary, at least thirty days prior to the institution of an <u>action</u> against a government agency, the complaining party or parties must provide the chief officer of the government agency and the Attorney General written notice . . . of the alleged claim and the relief desired.

W. Va. Code § 55-17-3(a)(1) (emphasis added). As the plaintiffs point out, however, the defendant's argument is flawed in light of the West Virginia Code's definition of the word action. Specifically, West Virginia Code § 55-17-2 states: "For the purposes of this section . . . 'Action' means a proceeding instituted against a governmental agency <u>in a circuit court or in the supreme court of appeals</u> . . . ." W. Va. Code § 55-17-2 (emphasis added). Accordingly, because the pending action was filed in federal court, the state law requiring notice is inapplicable.

## III. Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson* ("*Conley*"), 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'").

"Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Twombly*, 550 U.S. at 555. "The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [the elements of a cause of action] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557. The complaint must contain as much "factual enhancement" as is needed to propel the claim across "the line between possibility and plausibility of entitlement to relief." *Id.* (citations and internal quotations omitted); *see also id.* at 562-63 (stating that *Conley*'s "no set of facts" standard "has earned its retirement").

The defendant's argument that the Complaint does not meet the standard required by Rule 8(a) is without merit. Specifically, the Complaint explains in great detail why the plaintiffs believe they are entitled to relief and what relief they are seeking. It is a plain statement that gives the defendant sufficient notice of the plaintiffs' claims and the grounds upon which the claims rest.

The defendant's reliance on *Blessing v. Freestone*, 520 U.S. 329 (1997), for the proposition that the plaintiffs' Complaint does not bring the type of claim required in a § 1983 action requires more discussion. The Supreme Court noted in *Blessing* that there are "three principal factors . . . used to determine whether a statute creates a privately enforceable right: whether the plaintiff is one of the intended beneficiaries of the statute, whether the plaintiffs' asserted interests are not so vague and amorphous as to be beyond the competence of the judiciary to enforce, and whether the statute imposes a binding obligation on the State." 520 U.S. at 338 (internal quotations omitted). *Blessing* resolved whether plaintiffs may bring suit against state officials under § 1983 for violations of Title

IV-D, but its reasoning is instructive in determining whether the plaintiffs may bring suit against state officials under § 1983 for violations of the federal Medicaid Act.

The Supreme Court noted that "[§] 1983 imposes liability on anyone who, under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution and laws." *Id.* at 340 (internal quotations omitted). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original). "A court's role in discerning whether personal rights exist in the § 1983 context should . . . not differ from its role in discerning whether personal rights exist in the implied right of action context." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). "Both inquiries simply require a determination as to whether or not Congress intended to confer individual rights upon a class of beneficiaries." *Id.* "Accordingly, where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Id.* at 286. The Supreme Court then looked for clear language that creates an individual right in the statutes challenged in *Gonzaga*, and concluded that Congress must create new rights in clear and unambiguous terms if they are to be enforceable under § 1983. *Id.* at 287-90.

With these standards in mind, I will now address whether the specific sections of the Medicaid Act that the defendant allegedly violated give the plaintiffs federal rights to bring this lawsuit under § 1983. Count One of the plaintiffs' Complaint alleges violations of Medicaid EPSDT provisions found at 42 U.S.C. §§ 1396a(a)(10)(A), 1396a(a)(43), 1396d(a)(4)(B), and 1396d(r). Count Two alleges violations of 42 U.S.C. § 1396a(a)(8) and Count Three alleges violations of 42 U.S.C. § 1396a(a)(3) and the Due Process Clause of the Fourteenth Amendment of the United States

Constitution. I will start my analysis with Counts Two and Three, because the Fourth Circuit has clear precedent on the statutes at issue in Count Two and Judge Howard of the Eastern District of North Carolina recently addressed a similar action that included a claim arising under the same statute raised in Count Three.

In *Doe v. Kidd*, the Fourth Circuit considered whether a plaintiff could enforce 42 U.S.C. § 1396a(a)(8)[1] through at § 1983 action. 501 F.3d 348 (4th Cir. 2007). The Fourth Circuit noted that "the Supreme Court has decided that at least one provision of the Medicaid Act does not preclude individual enforcement through a § 1983 action." *Id.* at 355 (referencing *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498 (1990)). Nevertheless, the Fourth Circuit analyzed 42 U.S.C. § 1396a(a)(8) independently, because it is very different from the section of the Medicaid Act that the Supreme Court found could be enforced under § 1983. *Id.* The Fourth Circuit applied the test in *Blessing*, while noting the modifications that *Gonzaga* made to the doctrine. *Id.* at 355-56. The Fourth Circuit then concluded that 42 U.S.C. § 1396a(a)(8) does give rise to a right enforceable under § 1983. *Id.* at 356. The Fourth Circuit relied on the mandatory terms used in the statute, the ability of the judiciary to enforce the statute, the fact that it applied to "all" eligible individuals, and that the Medicaid Act neither explicitly nor impliedly forbids enforcement under § 1983. *Id.* As noted above, 42 U.S.C. § 1396a(a)(8) is the same section that the plaintiffs in the pending action are attempting to enforce through a § 1983 claim in Count Two of the Complaint. Accordingly, I **FIND**

---

[1] 42 U.S.C. § 1396a(a)(8) states:

> A State plan for medical assistance must . . . provide that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals[.]

that the plaintiffs have stated a claim upon which relief can be granted in Count Two of the Complaint.

In Count Three, the plaintiffs allege a due process violation of both 42 U.S.C. § 1396a(a)(3) and the Fourteenth Amendment to the U.S. Constitution. Section 1396a(a)(3) requires that a state that chooses to participate in the Medicaid program, like West Virginia, "must . . . provide for granting an opportunity for a fair hearing . . . to any individual whose claim for medical assistance . . . is denied or is not acted upon with reasonable promptness." 42 U.S.C. § 1396a(a)(3). In *McCartney v. Cansler*, the Eastern District of North Carolina recently addressed whether § 1396a(a)(3) provides a right that is actionable under § 1983. No. 7:08-CV-57-H(3), 2009 WL 890100 (E.D.N.C. Mar. 16, 2009). In *McCartney*, the plaintiffs were a group of Medicaid-eligible children who alleged that they were denied Medicaid benefits to which they were entitled in violation of § 1396a(a)(3) and the Fourteenth Amendment's Due Process Clause. *Id.* at *2. The *McCartney* opinion stated that "[t]he statutory language does more than merely establish a general policy. Its intention is to benefit individual Medicaid claimants by imposing upon the State an obligation to provide a claimant with a fair hearing prior to denial of a claim for Medicaid services." *Id.* at *3. The *McCartney* court then stated that the statute was "neither so vague nor amorphous as to be unenforceable." *Id.* Furthermore, the Sixth Circuit has also addressed this section and held that "it is proper for [the] plaintiffs to bring their claim for enforcement of their Medicaid [fair hearing] rights [protected by 42 U.S.C. § 1396a(a)(3)] under § 1983." *Gean v. Hattaway*, 330 F.3d 758, 772-73 (6th Cir. 2003). I agree with the Sixth Circuit decision and with my colleague on the Eastern District of North Carolina. Accordingly, I **FIND** that the plaintiffs have stated a claim upon which relief can be granted in Count Three of the Complaint.

Count One of the Complaint alleges that the defendant violated 42 U.S.C. §§ 1396a(a)(10)(A), 1396a(a)(43), 1396d(a)(4)(B), and 1396d(r). Sections 1396a(a)(10)(A) and 1396a(a)(43) both contain the same language that the state "must" provide "all" eligible individuals with certain Medicaid coverage. Both sections were also intended to benefit the plaintiffs in this case. In addition, the statutory language is not so "vague and amorphous" such that the courts cannot enforce it. Rather, the statute gives clear and complete explanations of what is necessary in order to abide by its terms. Because these two sections, like §§ 1396a(a)(8) and 1396a(a)(3), also do not explicitly or impliedly forbid recourse to § 1983, I conclude that the statutes confer rights that are vindicable under § 1983. *See Doe*, 501 F.3d at 356-57. I note that the Fifth Circuit came to the same conclusion with regard to § 1396a(a)(10)(A), holding that "[t]his is precisely the sort of 'rights-creating' language identified in *Gonzaga* as critical to demonstrating a congressional intent to establish a new right" and, therefore, it creates a right. *S.D. v. Hood*, 391 F.3d 581, 603 (2004) (noting that "EPSDT care and services are listed in [§ 1396d(a)(4)] and, by reference to § 1396d(r)").

Sections 1396d(a)(4)(B) and 1396d(r) require participating states to provide EPSDT care and define the care, respectively. Specifically, § 1396d(a)(4)(B) states:

> The term 'medical assistance' means payment of part or all of the cost of the following care and services . . . for individuals . . . who are . . . under the age of 21 . . . but whose income and resources are insufficient to meet all of such cost . . . [of] early and periodic screening, diagnostic, and treatment services (as defined in subsection (r) of this section) for individuals who are eligible under the plan and are under the age of 21[.]

Much like the sections of the Medicaid Act discussed above, § 1396d(a)(4)(B) is also clear and easily enforceable by courts when taking into account the various services defined in § 1396d(r). Furthermore, § 1396d(a)(4)(B) was intended to benefit the plaintiffs, as they are individuals under

-10-

the age of twenty-one. *See, e.g.*, *Dajour B. v. City of New York*, 2001 WL 830574, at *8 (S.D.N.Y. July 23, 2001) ("[I]t is well-settled that Medicaid-eligible children under the age of twenty-one . . . are the intended beneficiaries of the EPSDT provisions."). Accordingly, like the other sections that the defendant allegedly violated, §§ 1396d(a)(4)(B) and 1396d(r) by extension encompasses a federal right of action and can be enforced pursuant to 42 U.S.C. § 1983. *See Westside Mothers v. Haveman*, 289 F.3d 852, 862-63 (6th Cir. 2002) (finding "a cause of action under § 1983 for alleged noncompliance with the screening and treatment provisions [EPSDT] of the Medicaid Act"); *see also Antrican v. Odom*, 290 F.3d 178 (4th Cir. 2002) (affirming a district court's order denying the defendant's motion to dismiss without mentioning whether there is a federal right of action in a case brought by minors in North Carolina alleging, *inter alia*, violations of the same sections of the Medicaid Act at issue in Count One of the pending action). Accordingly, I **FIND** that the plaintiffs have stated a claim upon which relief can be granted in Count One of the Complaint.

## IV.  Conclusion

For the reasons discussed above, the defendant's Motion to File Reply Out of Time is **DENIED**. Moreover, I **FIND** that the plaintiffs do not need to satisfy W. Va. Code § 55-17-3(a)(1) and that the plaintiffs have a cause of action under § 1983 with respect to Counts One, Two, and Three. Accordingly, the defendant's Motion to Dismiss is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

      ENTER:    May 15, 2009

Joseph R. Goodwin, Chief Judge